CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 6 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM M. CRONAN, JR., )<br>  Petitioner, )<br> ) | Civil Action No. 7:10-mc-00011 |
| v. ) <br> ) | **MEMORANDUM OPINION** |
| THE ATTORNEY GENERAL OF VA, )<br>  Respondent. ) | By: Hon. James C. Turk<br>Senior United States District Judge |

William M. Cronan, Jr., a Virginia prisoner proceeding pro se, filed a self-styled motion titled "Petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody." However, the motion only requests a stay in abeyance for the court to toll the statute of limitations while petitioner seeks successive habeas relief in the Supreme Court of Virginia. Upon information and belief, petitioner was sentenced by a state court in Fairfax County, Virginia, within the Eastern District of Virginia. Petitioner also mailed his documents to this court's street address but captioned his envelope for the United States District Court for the Eastern District of Virginia. Petitioner also included documents that are addressed to the Supreme Court of Virginia, indicating that he sought to mail these documents to that court, too.

The court dismisses this "petition" pursuant to Rule 4 of the Rules Governing § 2254 Cases because the court lacks jurisdiction over petitioner's claims without a properly executed habeas petition as described in Rule 2 of the Rules Governing § 2254 Cases. Furthermore, the court denies petitioner's motion for abeyance for lack of jurisdiction and also because the court will not encourage incarcerated petitioners to seek equitable tolling for unexhausted claims that are not presently before the court to avoid the statute of limitations, especially since petitioner fails to establish any good cause. Petitioner is advised that he may request copies of his submissions for fifty cents per page if he needs to mail his documents to another court. The court

certifies that an appeal from this action would be frivolous and not taken in good faith. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 16th day of February, 2010.

                                                                Senior United States District Judge